UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMY JONES                                                                                                     PLAINTIFF

v.                                            No. 2:23-cv-2092

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                                  DEFENDANT

**OPINION AND ORDER**

Before the Court are Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion to dismiss (Doc. 8) and brief in support (Doc. 9), Plaintiff Amy Jones's response (Doc. 11) and brief in opposition (Doc. 12), and State Farm's reply (Doc. 16). For the reasons given below, State Farm's motion will be DENIED.

Ms. Jones's complaint alleges that on December 1, 2022, she was involved in an automobile accident with an under-insured motor vehicle that was driven by an under-insured driver named John Best. Mr. Best's negligence caused Plaintiff to sustain bodily injuries. Ms. Jones's damages and medical bills from these injuries exceeded the $25,000 coverage limit on Mr. Best's insurance policy, so she filed a claim under her own under-insured motorist ("UIM") policy with State Farm. Although the limit on Ms. Jones's UIM policy was $25,000, State Farm offered her only around $2,700. Ms. Jones then filed this lawsuit against State Farm, bringing claims for breach of contract and for the tort of bad faith. State Farm has moved to dismiss Ms. Jones's bad-faith claim, arguing that her complaint fails to allege sufficient facts to state a claim upon which relief may be granted.

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United*

1

*States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009). However, "*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should deny a motion to dismiss. *Twombly*, 550 U.S. at 556.

Arkansas recognizes a claim for bad faith when "an insurance company affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *Selmon v. Metro. Life Ins. Co.*, 372 Ark. 420, 426 (2008) (quoting *Columbia Nat'l Ins. Co. v. Freeman*, 347 Ark. 423, 429 (2002)). However, "[t]he standard for establishing a claim for bad faith is rigorous and difficult to satisfy." *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 627 (2005). Bad faith conduct must be "carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Edwards*, 362 Ark. at 628; *see also Switzer v. Shelter Mut. Ins. Co.*, 362 Ark. 419, 433 (2005).

State Farm argues that the allegations in Ms. Jones's complaint are indistinguishable from those in *Finley v. State Farm Mutual Automobile Insurance Company*, a recent case in this district in which a bad-faith claim was dismissed at the pleading stage for failure to state a claim. *See*

2

2023 WL 3063379, at *2 (Apr. 24, 2023). This is not an entirely correct characterization of the complaints in these two cases. It is true that in both cases, the complaints allege that State Farm acted in bad faith by:

a) Refusing to timely answer demands made by their insured in violation of the Unfair Claims Settlement Practices Act;

b) Failing to conduct an adequate and thorough investigation into the demand for benefits made by Plaintiff;

c) Refusing to meet Plaintiff's demand for benefits under the contract without conducting an affirmative investigation;

d) Failing to implement reasonable standards regarding the prompt investigation of claims made by their insured;

e) Failing to effectuate a prompt, fair, equitable settlement when liability had become reasonable [sic] clear; [and]

f) Compelling their insured to litigate by offering substantially less than the true value of the case.

*Compare id. with* Doc. 3, ¶ 20. As the *Finley* Court correctly held, these allegations on their own do not state a claim for bad faith, because "[t]he tort of bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct." *Finley*, 2023 WL 3063379, at *2 (quoting *Selmon*, 372 Ark. at 426). "Mere negligence or bad judgment is insufficient so long as the insurer is acting in good faith." *Id.*

However, Ms. Jones's complaint contains additional allegations that were not present in the *Finley* complaint. In particular, and among other things, Ms. Jones alleges that State Farm's aforementioned conduct was done pursuant to "a policy of purposely underpaying on claims that it knows to be legitimate in order to maximize its own profits at the expense of its insureds by retaining funds that would be rightfully due to its insureds if such claims were paid at their proper values." *See* Doc. 3, ¶ 23. This allegation, accepted as true, supports a reasonable inference that

3

the low offer on Ms. Jones's claim was not merely the result of negligence, bad judgment or a good-faith disagreement on the value of her claim, but rather was caused by dishonest conduct and characterized by ill will. That is enough at this stage to permit discovery into her bad-faith claim, though to survive summary judgment Ms. Jones will eventually need to produce *evidence* of dishonesty, malice, or oppressive conduct. *See, e.g.*, *Sims v. State Farm Mut. Auto. Ins. Co.*, 894 F.3d 941, 945–46 (8th Cir. 2018).

IT IS THEREFORE ORDERED that Defendant State Farm Mutual Automobile Insurance Company's motion to dismiss (Doc. 8) is DENIED.

IT IS SO ORDERED this 9th day of August, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE